UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

---

PATSY A. PHILLIPS,

    Plaintiff,

v.

ACCOUNTS RESEARCH, INC. and
GUY GREER,

    Defendants.

Civil Action

File No. _____

---

## COMPLAINT

1. This is an action brought pursuant the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4. Plaintiff, Patsy A. Phillips ("Plaintiff"), is a natural person who at all relevant times resided in Kingston, Tennessee (Roane County).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Accounts Research, Inc. ("ARI") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. ARI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Guy Greer ("Greer") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Upon information and good-faith belief, Greer is the Chief Executive Officer of ARI.

10. Upon information and good-faith belief, Greer manages the business and affairs of ARI's debt collection business.

11. Upon information and good-faith belief, Greer is involved in the day-to-day operations of ARI's debt collection business.

12. Upon information and good faith-belief, Greer exercises control over the affairs of ARI's debt collection business.

13. Greer is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

14. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than ARI.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than ARI, arises from a transaction in which the money,

property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

16. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than ARI.

17. ARI uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. On or about June 3, 2013, in connection with the collection of the Debt, ARI, via its agents and/or employees, placed a telephone call to Plaintiff at her place of employment.

19. Again on June 7, 2013, and in connection with the collection of the Debt, ARI, via its agents and/or employees, placed a telephone call to Plaintiff at her place of employment.

20. During the communications that ensued subsequent to the above-described telephone calls, ARI, via its agent and/or employees, threatened to "take out a warrant" against Plaintiff were she to fail to pay the Debt.

21. Further, during the communications that ensued subsequent to the above-described calls, ARI, via its agent and/or employees, threatened to garnish Plaintiff's wages were she to fail to pay the Debt.

22. At the time of ARI's threat to Plaintiff to garnish her wages, no lawsuit had been filed against her, nor had any judgment had issued against her, with regard to the Debt.

23. Further, during the communications that ensued subsequent to said calls, ARI, via its agent and/or employees, threatened Plaintiff that it would attempt to collect the Debt from her husband, including, but not limited to: contacting Plaintiff's husband at his place of employment and having Plaintiff's husband served with legal process at his place of employment.

24. Also, and during the communications that ensued subsequent to the above-described calls, Plaintiff informed ARI that calls to her at her place of employment were inconvenient for her, and further, that she was prohibited by her employer from receiving such calls while at her place of employment.

25. Despite Plaintiff's demand that ARI cease and desist from placing calls to her at her place of employment, ARI placed additional calls to her at her place of employment on June 13, 2013, June 19, 2013 and June 21, 2013.

26. Plaintiff answered the June 13, 2013 call from ARI and again demanded that ARI cease and desist from placing any and all calls to her at her place of employment.

27. Plaintiff's employment supervisor answered the June 19, 2013 call from ARI and demanded that ARI cease and desist from placing any and all calls to her at her place of employment.

28. ARI's actions constitute conduct highly offensive to a reasonable person, and as a result of ARI's behavior, Plaintiff has suffered injury to their feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(3)

29. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

30. By its conduct as described above, ARI placed telephone calls to Plaintiff at her place of employment when it knew, or should have known, that Plaintiff's employer prohibited such calls, in violation of 15 U.S.C. § 1692c(a)(3).

31. Greer is personally liable for ARI's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of ARI's debt collection business, his responsibility for day-to-day supervision of ARI's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of ARI's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that ARI violated 15 U.S.C. § 1692c(a)(1);

   b) Adjudging that Greer is personally liable for the violation of 15 U.S.C. § 1692c(a)(1) by ARI;

   c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

32. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

33. By its conduct as described above, ARI placed repeated and continuous telephone calls to Plaintiff with intent to annoy, abuse and harass her, in violation of 15 U.S.C. § 1692d(5).

34. Greer is personally liable for ARI's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of ARI's debt collection business, his responsibility for day-to-day supervision of ARI's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of ARI's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARI violated 15 U.S.C. § 1692d(5);

b) Adjudging that Greer is personally liable for the violation of 15 U.S.C. § 1692d(5) by ARI;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

35. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

36. By its conduct as described above, ARI misrepresented the character, amount and/or legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

37. Greer is personally liable for ARI's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of ARI's debt collection business, his responsibility for day-to-day supervision of ARI's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of

control over the affairs of ARI's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARI violated 15 U.S.C. § 1692c(a)(1)

b) Adjudging that Greer is personally liable for the violation of 15 U.S.C. § 1692c(a)(1) by ARI;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(5)

38. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

39. By its conduct as described above, ARI threatened to take actions against Plaintiff that ARI could not be legally take, and that ARI did not intend to take, in violation of 15 U.S.C. § 1692e(5)

40. Greer is personally liable for ARI's conduct, absent the need to pierce the

corporate veil, as a result of his involvement in the day-to-day management of ARI's debt collection business, his responsibility for day-to-day supervision of ARI's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of ARI's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARI violated 15 U.S.C. § 1692e(5);

b) Adjudging that Greer is personally liable for the violation of 15 U.S.C. § 1692e(5) by ARI;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(7)

41. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

42. By its conduct as described above, ARI falsely represented and/or implied that Plaintiff had committed a crime in order to disgrace her, in violation of 15 U.S.C. § 1692e(7).

43. Greer is personally liable for ARI's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of ARI's debt collection business, his responsibility for day-to-day supervision of ARI's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of ARI's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARI violated 15 U.S.C. § 1692e(7);

b) Adjudging that Greer is personally liable for the violation of 15 U.S.C. § 1692e(7) by ARI;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)

44. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

45. By its conduct as described above, ARI utilized false representations and deceptive means to collect the Debt from Plaintiff, in violation of 15 U.S.C. § 1692e(10).

46. Greer is personally liable for ARI's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of ARI's debt collection business, his responsibility for day-to-day supervision of ARI's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of ARI's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ARI violated 15 U.S.C. § 1692e(10);

b) Adjudging that Greer is personally liable for the violation of 15 U.S.C. § 1692e(10) by ARI;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

Dated: May 7, 2014.

Respectfully submitted,

_____
Craig J. Ehrlich
The Law Office of Craig J. Ehrlich, LLC
260 Peachtree Street, N.W., Ste. 2201
Atlanta, Georgia 30302
Tel: (844) 534-9984, ext. 301
Fax: (855) 415-2480
craig@ehrlichlawoffice.com